\* E-filed 6/19/07 \*

1. SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
2. JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3. CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5082
    FAX: (408) 535-5081

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIRLEY PONCINI, | Case No. C 05-00233 HRL |
|     Plaintiff, | STIPULATION OF SETTLEMENT; ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

IT IS HEREBY STIPULATED by and between plaintiff Shirley Poncini and defendant United States of America, as follows:

    1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

    2. The United States of America, defendant, agrees to pay to the plaintiff the sum of sixty-thousand (60,000) dollars, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiff or her heirs,

1  executors, administrators, or assigns, and each of them, now have or may hereafter acquire
2  against the United States of America or its agents, servants, and employees.
3      3. Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the
4  sum of sixty-thousand (60,000) dollars in full settlement and satisfaction of any and all claims,
5  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason
6  of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,
7  damage to property and the consequences thereof which they may have or hereafter acquire
8  against the United States of America or its agents, servants and employees on account of the
9  same subject matter that gave rise to the above-captioned lawsuit.  Plaintiff and her heirs,
10 executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the
11 United States of America and its agents, servants or employees from any and all such causes of
12 action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from
13 further litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators
14 or assigns against any third party or against the United States of America.
15     4. This stipulation for compromise settlement is entered into by all parties for the
16 purpose of compromising disputed claims and avoiding the expenses and risks of litigation.  This
17 settlement does not constitute an admission of liability or fault on the part of the defendant.
18     5. This agreement may be pled as a full and complete defense to any subsequent action or
19 other proceeding which arises out of the claims released and discharged by the agreement.
20     6. It is also agreed, by and among the parties, that the settlement amount of sixty-
21 thousand (60,000) dollars paid by the United States of America to plaintiff represents the entire
22 amount of the compromise settlement and that the respective parties will each bear their own
23 costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the
24 settlement amount and not in addition thereto.
25 //
26 //
27 //
28 //

1        7. It is also understood by and among the parties that, pursuant to Title 28, United States
2  Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with this
3  action shall not exceed 25 per centum of the amount of the compromise settlement.
4        8. Payment of the settlement amount will be made by a check payable to
5  "Shirley Poncini and Scher and Bassett."
6        9. Plaintiff is advised that settlement checks are sometimes not available for eight to ten
7  weeks after approval of the settlement by the court.  Counsel for the United States of America
8  will notify plaintiff's counsel when the settlement check is available.  Within ten (10) days of
9  such notification, plaintiff agrees that she will cause her attorneys to execute and provide to
10 defense counsel, a stipulation of dismissal with prejudice of plaintiff's complaint.  Within ten
11 (10) days of receipt of the plaintiff's stipulation of dismissal, the United States of America will
12 deliver the above-referenced settlement check to plaintiff's counsel.
13       10. Plaintiff hereby releases and forever discharges the United States Postal Service, the
14 United States of America and any and all of their past and present officials, employees, agents,
15 attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions,
16 causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or
17 unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in
18 plaintiff's pleadings in this action.
19       11. The provisions of California Civil Code Section 1542 are set forth below:
20       "A general release does not extend to claims which the creditor does not know or
21       suspect to exist in his favor at the time of executing the release, which if known
22       by him must have materially affected his settlement with the debtor."
23 Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by her
24 attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and
25 all rights she may have pursuant to the provision of that statute and any similar provision of
26 federal law.  Plaintiff understands that, if the facts concerning injuries or liability for damages
27 pertaining thereto are found hereinafter to be other than or different from the facts now believed
28 //

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-00233 HRL                    -3-

1  by her to be true, the Agreement shall be and remain effective notwithstanding such material
2  difference.

3      12.   The parties agree that this stipulation is intended to be a full and final settlement of
4  all claims arising out of the allegations set forth in plaintiff's pleadings in this action.  Plaintiff
5  agrees to indemnify and hold harmless defendant United States of America from any and all
6  claims, demands, obligations, liens, and lawsuits brought against the United States of America,
7  its agencies or employees, including but not limited to the United States Postal Service, arising
8  out of the allegations set forth in plaintiff's complaint in this action.

9      13.   This instrument shall constitute the entire agreement between the parties, and it is
10 expressly understood and agreed that the agreement has been freely and voluntarily entered into
11 by the parties hereto with the advice of counsel, who have explained the legal effect of this
12 agreement.  The parties further acknowledge that no warranties or representations have been
13 made on any subject other than as set forth in this Agreement.  This Agreement may not be
14 altered, modified or otherwise changed in any respect except by writing, duly executed by all of
15 the parties or their authorized representatives.

16     14.   The parties agree that, should any dispute arise with respect to the implementation of
17 the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her
18 original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the
19 Agreement in district court.  The parties agree that the district court will retain jurisdiction over
20 this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

21     15.   This settlement agreement may be signed in counterparts.

22                                           Respectfully submitted,

23 DATED: June 18, 2007                 SCOTT N. SCHOOLS
                                                  United States Attorney
24

25                                     /s/
                                         CLAIRE T. CORMIER
26                                         Assistant United States Attorney

27 //

28 //

1 | DATED: June 18, 2007          SCHER & BASSET

/s/
GERALD H. SCHER
Attorney for Plaintiff

6 | DATED: June 18, 2007          /s/
SHIRLEY PONCINI
Plaintiff

**ORDER**

Pursuant to the parties' stipulation of settlement, IT IS SO ORDERED.

Dated: 6/19/07

_____
HOWARD R. LLOYD
United States Magistrate Judge